STATE OF MISSOURI, APPELLANT, v. CARL A. ARTZ, RESPONDENT.*

Kansas City Court of Appeals. December 17, 1928.

*Corpus Juris-Cyc References: Game, 27CJ, section 30, p. 958, n. 57.

*W. S. Stillwell* and *J. M. Meyerhardt* for State.

*Harry H. Kay* and *R. F. White* for respondent.

ARNOLD, J.—This is an appeal by the State from the action of the circuit court of Miller county in sustaining a demurrer to the second count of an information charging defendant with a violation of the game laws of Missouri.

The record discloses the prosecuting attorney of Miller county, on January 3, 1928, filed an information in two counts charging defendant with violations of the fish and game laws of the State. The first count charges defendant was the holder of a license issued by the State game and fish commissioner, authorizing the holder thereof to commercialize in pelts legally obtained; and that defendant knowingly commercialized in pelts of protected animals which had been illegally obtained during the closed season. The second count attempts to charge defendant with having procured a fur dealer's license from the State game and fish commissioner and having refused to permit the deputy game and fish commissioner to inspect the fur pelts in possession of defendant on the 6th day of December, 1927. Defendant filed a motion to quash the information, alleging that the first count was so vague, indefinite and uncertain as not to properly inform defendant of the charges against him; and that the second count does not charge any crime under the laws of Missouri.

The court overruled the motion to quash the first count but sustained the motion as to the second. From the ruling of the court in quashing the second count, the State has appealed. Defendant did not appeal from the action of the court in overruling the motion to quash the first count and so that question is out of the case. Plaintiff's motion for a new trial was overruled and plaintiff has appealed. The second count upon which this appeal is based is as follows:

"W. S. Stillwell, the prosecuting attorney within and for the county of Miller and State of Missouri, acting herein upon his official oath further informs the court that the said Carl A. Artz was on the 6th day of December, 1927, at the county of Miller, in the State of Missouri, the owner and holder of a fur dealer's and shipper's license, issued in accordance with the game laws of the State of Missouri, and signed by the said Carl A. Artz, authorizing him, the said Carl A. Artz, to purchase, sell, transport, possess, and commercialize in fur pelts, and to properly use fur pelts for commercial purposes

when such pelts have been legally obtained in the State of Missouri, or elsewhere, and when such Missouri pelts are not in 'green' or undry condition at the time of receiving them, when shipped between January 31st and February 10th of each year; your informant further states that he, the said Carl A. Artz, was then and there participating in the privileges of purchasing, possessing and commercializing in fur pelts under said license, and then and there had in his possession certain fur pelts purchased under this license; that it was then and there the duty of the said Carl A. Artz to permit the State game and fish commissioner and any of his deputies to inspect such fur pelts to ascertain whether the requirements of the game law had been complied with; that Ernest Schwartz and J. M. Meyerhardt, who were then and there duly appointed, qualified and acting deputy game and fish commissioners of the State of Missouri, in company with J. W. Allen the duly appointed, qualified and acting deputy game and fish commissioner within and for Miller county in the State of Missouri, then and there, to-wit, on the 6th day of December, 1927, at the county of Miller and State of Missouri, demanded of the said Carl A. Artz the right to inspect the fur pelts then in the possession of the said Carl A. Artz, and the said Carl A. Artz did then and there unlawfully, and wilfully refuse to permit the aforesaid deputy game and fish commissioners, who were in the discharge of their official duties and were attempting to ascertain whether the requirements of the game laws of Missouri were being fully complied with, to inspect such fur pelts, and did then and there unlawfully and wilfully interfere with such officers and obstruct such inspection, against the peace and dignity of the State.''

It is plaintiff's position that the second count of the information sets forth definitely each and every fact which, under the statutes, is a necessary element of the crime and could be pleaded in bar of a subsequent action for the same offense. In support of this position plaintiff cites section 5645, Revised Statutes 1919, as a basis thereof. An examination of this section, however, shows it has no application here for the reason that it provides for and is limited to an inspection and count of such ''fish, birds, animals and game to ascertain whether the requirements of the law are being faithfully complied with'' and applies to persons participating in the privilege of taking or possessing fish, birds, animals and game as permitted by the article. There is no mention made in the section of the possession of pelts. Section 5595a, p. 225, Session Laws of 1923, provides, in part, as follows:

''Dealer's and shipper's license shall authorize the holder thereof to purchase, sell, transport, possess, and commercialize in fur pelts when such pelts have been obtained legally in the State of Missouri or elsewhere, and when such Missouri pelts are not in 'green' or undry condition at the time of receiving them, when shipped between January 31st and February 10th, of each year. Holders of

such license may only secure such license upon the express condition that the officials of the State game and fish department shall have access, freely and untrammeled, to inspect the supply of fur animals or their pelts in the possession of the licenses and during usual business hours. All licenses must be signed by the holder of said license.''

Defendant calls special attention to that part of the act which provides: ''Holders of such license may only secure such license upon the express condition that the officials of the State game and fish department shall have access, freely and untrammeled to inspect the supply of fur animals or their pelts in the possession of the licensee, and during usual business hours.'' Defendant insists there is no statute prescribing a penalty for refusing inspection of pelts and we agree with this position. The statute only applies to conditions governing the procuring of the license to do business, but does not make it unlawful to refuse inspection after the license is issued.

For the reasons stated above, we hold the trial court did not err in sustaining the motion to quash the second count for its failure to comply with the requirements of the statute. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.

